LuAnn JORGENSEN, Plaintiff
and Appellant,

v.

SKAGGS, et al., Defendants
and Respondents.

No. 18471.

Supreme Court of Utah.

July 20, 1983.

Byron L. Stubbs, Salt Lake City, for plaintiff and appellant.

Stephen G. Morgan, Salt Lake City, for defendants and respondents.

PER CURIAM:

This is an appeal from a summary judgment in an action wherein plaintiff sought damages for alleged false arrest, false imprisonment, malicious prosecution, defamation of character, and assault and battery.

On April 17, 1980, plaintiff, together with her infant child and two female companions, went shopping at the Alpha Beta Market in Centerville, Utah. While shopping, plaintiff picked up from a shelf a baby bottle nipple[1] and used it to entertain her restless child. With the nipple still on her left forefinger, plaintiff went to the checkout counter and wrote a $50 check for the groceries she had selected. Upon leaving the store, plaintiff was stopped by one Fred Baird, a security employee of the store, and detained for shoplifting. Various aspects of the manner and the time in which plaintiff was detained are disputed by the parties. It is clear that plaintiff was escorted to the store office and was allowed to telephone her husband. Plaintiff was detained for a total of approximately an hour and a half and questioned by Baird and, later, by the local police. No criminal charges were ever filed.

Plaintiff filed her complaint on March 24, 1981, seeking damages for the aforementioned torts. Defendants answered, and took depositions of plaintiff and one of her shopping companions. Filed also with the court were affidavits of Baird, another employee of the store, and the custodian of the records of the local police department. Defendants moved for summary judgment on the ground that there exist no genuine issues of material fact since they are immune from suit under U.C.A., 1953, § 78–11–18. The court had a hearing on the matter and granted defendant's motion for summary judgment. This appeal followed.

U.C.A., 1953, § 78–11–18 provides as follows:

Any merchant who has reason to believe that merchandise has been wrong-

---

1. Whether plaintiff opened the package containing the nipple is disputed by the parties.

fully taken by an individual ... and that he can recover such merchandise by taking such individual into custody and detaining him may, for the purpose of attempting to effect such recovery or for the purpose of informing a peace officer of the circumstances of such detention, take the individual into custody and detain him *in a reasonable manner and for a reasonable length of time.* Such taking into custody and detention by a merchant or his employee shall not render such merchant or his employee criminally or civilly liable for false arrest, false imprisonment, slander or unlawful detention or for any other type of claim or action unless the custody and detention are unreasonable under all the circumstances. (Emphasis added.)

Defendant says that, on the facts presented, there is no factual dispute as to the reasonableness of the detention and that they are entitled to judgment as a matter of law. Defendants also seem to suggest that in the discovery process plaintiff essentially admitted that there are no actionable tort claims as alleged in her complaint.

Although plaintiff has admitted various inaccuracies in her complaint, there remain factual disputes to be resolved.[2] Most important is whether plaintiff was detained in a reasonable manner and for a reasonable length of time. Such things must be established before the statutory immunity may be invoked. Since there is conflicting evidence as to the reasonableness of the detention, the summary judgment is reversed and the case is remanded for trial. Costs to plaintiff.

---

**2.** Plaintiff alleged in her complaint, for example, that Baird had handcuffed her. In her deposition, she conceded that was not true but she still contends that he grabbed her by the arm.